UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIRIAM FRANCO and RAMON CARMONA, *as Parents and Natural Guardians of K.C.*, and MIRIAM FRANCO and RAMON CARMONA, *Individually*,<br><br>Plaintiffs,<br><br>-v.-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>Defendant. | 19 Civ. 2925 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

On May 14, 2019, Plaintiffs filed a motion for an Order to Show Cause for a Preliminary Injunction. (Dkt. #13-15). An Order to Show Cause Hearing was held on May 28, 2019. On June 13, 2019, the Court ordered parties to file letter briefs addressing the propriety of an order for remand. (Dkt. #25). Plaintiffs filed their letter brief in opposition to an order for remand on June 21, 2019. (Dkt. #26). Defendant filed a letter brief in opposition to an order for remand on June 28, 2019. (Dkt. #31). For the reasons described below, the Court hereby remands the case to an Impartial Hearing Officer for purposes of supplementing the evidentiary record.

**A. Procedural History**

Plaintiffs are the parents of K.C., a child with a brain injury who is a student at the International Institute for the Brain ("iBrain") and seeks pendency placement there for the 2018-2019 school year under the Individuals

with Disabilities Act (the "IDEA"). *See* 20 U.S.C. 1415(j). Before K.C. attended iBrain, he was a student at the International Academy of Hope ("iHope"). In a separate, earlier proceeding, an Impartial Hearing Officer found that Defendant had not offered K.C. a free appropriate public education (a "FAPE") for the 2017-2018 school year and awarded Plaintiffs full tuition and costs of services at iHope. After that school year concluded, Plaintiffs unilaterally transferred K.C. to iBrain for the 2018-2019 school year. On July 9, 2018, Plaintiffs filed an administrative due process complaint, alleging that Defendant did not provide K.C. with a FAPE for the 2018-2019 school year. While that due process complaint was being litigated, Plaintiffs sought a pendency order requiring Defendant to fund K.C.'s placement at iBrain for the 2018-2019 school year.

On October 12, 2018, an Impartial Hearing Officer (the "IHO") denied Plaintiffs pendency placement at iBrain. (Dkt. #14-8 at 3-7 (the "IHO Decision")). The IHO acknowledged that pendency placement at iBrain would be appropriate if that school were substantially similar to K.C.'s last approved educational placement, iHope. (*Id.*). But the IHO determined that, based on the record then before it, the two schools were not substantially similar. (*Id.*). Plaintiffs appealed that decision to a State Review Officer (the "SRO") on December 21, 2018. The SRO concurred with the IHO, concluding that Plaintiffs did not have pendency placement at iBrain because it was not substantially similar to iHope during the 2018-2019 school year. (Dkt. #14-10 at 17 (the "SRO Decision")).

Plaintiffs now seek an Order to Show Cause for a Preliminary Injunction, pursuant to Federal Rule of Civil Procedure 65, vacating the decision of the SRO and requiring Defendant to fund K.C.'s pendency placement at iBrain for the 2018-2019 school year, until a final adjudication on Plaintiffs' administrative due process complaint is complete.

**B. Applicable Law**

Under the pendency (or "stay put") provision of the IDEA, 20 U.S.C. § 1415(j), a child protected by the IDEA is to remain at his or her "then-current educational placement" while any dispute brought under the IDEA is adjudicated. "'Educational placement' refers to the general educational program — such as the classes, individualized attention and additional services a child will receive — rather than the 'bricks and mortar' of the specific school." *T.Y.* v. *N.Y.C. Dep't of Educ.*, 584 F.3d 412, 419 (2d Cir. 2009). Thus, if a child is transferred from one school to another, but "remain[s] in the same classification, the same school district, and the same type of educational program special classes," the child's educational placement has not changed. *See Concerned Parents & Citizens for Continuing Educ. at Malcolm X (PS 79)* v. *N.Y.C. Dep't of Educ.*, 629 F.2d 751, 756 (2d Cir. 1980) (finding no change in educational placement where disabled students were transferred from one substantially similar school to another); *see also G.R. ex Rel. B.S.* v. *N.Y.C. Dep't of Educ.*, No. 12 Civ. 441 (RJS), 2012 WL 310947, at *6 (S.D.N.Y. Jan. 31, 2012) ("[A]lthough the IDEA does require that a student shall remain in his or her 'then-current educational placement' while administrative proceedings are

pending … this pendency provision does not require that [the student] remain at a specific brick-and-mortar school.”).

**C. Analysis**

All parties agree that K.C.’s educational placement for the 2017-2018 school year was at iHope. Plaintiffs claim that K.C.’s educational placement did not change when he was transferred to iBrain for the 2018-2019 school year, because iHope and iBrain are substantially similar. From this, Plaintiffs argue that K.C.’s 2018-2019 pendency placement exists at iBrain, the school K.C. attended at the time the administrative due process inquiry was initiated.

Plaintiffs’ arguments are, in part, premised upon the assertion that iBrain became substantially similar to iHope over the course of the 2018-2019 school year, as iBrain continued to establish its educational offerings. Thus, even if the schools were not substantially similar when the IHO held its pendency hearing in August 2018, Plaintiffs say the schools became substantially similar shortly thereafter. In reviewing the IHO’s decision, the SRO noted that “the situation [at iBrain] has continued to evolve over time as the 2018-2019 school year has progressed.” (SRO Decision at 14). Thus, the SRO left open the possibility that iBrain might become substantially similar to iHope over the course of the school year. In light of this evolving situation, Plaintiffs argue that the SRO should have “requested additional evidence or remanded [the case] back to the IHO to supplement the record.” (Dkt. #15 at 15).

For the very reasons that Plaintiffs have identified, the Court concludes that remand to the IHO is appropriate in this case. In an IDEA case, "[a] court may remand a proceeding when it needs further clarification or does not have sufficient guidance from the administrative agencies." *D.F.* v. *City Sch. Dist. of the City of New York*, No. 15 Civ. 1448 (ER), 2016 WL 1274579, at *14 (S.D.N.Y. Mar. 31, 2016) (quoting *E.M.* v. *N.Y.C. Dep't of Educ.*, 758 F.3d 442, 463 (2d Cir. 2014)). "A remand is appropriate when the educational expertise of the IHO and SRO is necessary to resolve an issue." *Id.* (citing *J.F.* v. *N.Y.C. Dep't of Educ.*, No. 12 Civ. 2184 (KBF), 2012 WL 5984915, at *10 (S.D.N.Y. Nov. 27, 2012) (remanding to IHO to assess adequacy of student's proposed classroom placement)). As the SRO noted, many of Plaintiffs' arguments concerning iBrain's educational offerings reference developments that postdate the IHO's pendency hearing and order. The Court concludes that a remand is necessary to develop the record concerning whether iBrain became substantially similar to iHope over the course of the 2018-2019 school year. *See Cruz* v. *N.Y.C. Dep't of Educ.*, No. 18 Civ. 12140 (PGG), 2019 WL 147500, at *10 (S.D.N.Y. Jan. 19, 2019) (remanding to IHO for additional factfinding concerning pendency placement).

Plaintiffs argue that a remand is inappropriate for three reasons: (i) no IHO is actively assigned to hear this case; (ii) Plaintiffs may not be able to enroll at iBrain for the 2019-2020 school year; and (iii) the Court may conduct its own evaluations of the administrative records to determine if pendency is appropriate. (Dkt. #26). Plaintiffs' arguments are unavailing. An IHO must be

appointed in light of this Court's order. And Plaintiffs have provided no indication that K.C. is in danger of being expelled from iBrain or being barred from re-enrollment. The only evidence available suggests that the opposite is true: The 2018-2019 Enrollment Contract between Plaintiffs and iBrain reflects that Plaintiffs are not required to pay tuition while the administrative due process claim is pending. (Dkt. #14-4 at 7-8). Finally, though the Court may conduct its own evaluation of the record to determine if iBrain became substantially similar to iHope over the course of the 2018-2019 school year, an IHO with "educational expertise" is better suited to conduct a factfinding inquiry in this instance. *See D.F.*, 2016 WL 1274579, at *14.

Defendant also argues against an order of remand, claiming that Plaintiffs have abandoned their right to pendency placement by moving K.C. from iHope to iBrain. According to Defendant, the change in school amounted to a unilateral change in educational placement for pendency purposes, divesting Plaintiffs of the right to pendency placement at any school. (Dkt. #31 at 2 (quoting *Mackey ex rel. Thomas M.* v. *Bd. of Educ. For Arlington Central School Dist.*, 386 F.3d 158, 160 (2d Cir. 2004) ("Parents should, however, keep in mind that if they unilaterally change their child's placement during the pendency of review proceedings, without the consent of state or local officials, they do so at their own financial risk." (internal quotation marks and citation omitted)))).

But Defendant's argument assumes that iBrain and iHope are not substantially similar and that K.C.'s educational placement did change for

pendency purposes. Whether this assumption is true is the central question of this case, and the very issue the Court seeks to address by remanding the case for additional factfinding. Thus, the Court does not find Defendant's argument persuasive.

**D. Conclusion**

For these reasons, the Court ORDERS that this case be remanded to an IHO to supplement the evidentiary record concerning whether iBrain and iHope have become substantially similar for purposes of K.C.'s educational placement. Once the evidentiary record has been supplemented with this information, the IHO will issue a revised pendency order that will address, *inter alia*, whether the educational placement provided by the Brain Institute is substantially similar to the placement provided by iHope in the 2017-2018 school year. Plaintiffs' application for a temporary restraining order and preliminary injunction are otherwise DENIED. The Clerk of Court is directed to terminate the motion at docket entry 13.

The Court STAYS all proceedings in this case pending further order of the Court. The parties are ORDERED to advise the Court within 14 days of the issuance of any substantive decision or order by the IHO.

SO ORDERED.

Dated: July 26, 2019
New York, New York

Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge